CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 05 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON SOLESBEE, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00165 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| NEW RIVER VALLEY REGIONAL ) | |
| JAIL, et al., ) | By: Jackson L. Kiser |
| Defendants. ) | Senior U.S. District Judge |

Plaintiff Jason Solesbee, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983. Solesbee alleges that the defendants failed to protect him from an alleged assault by another inmate. Solesbee seeks $ 20,000 in damages. Upon review of the record, I find that Solesbee's complaint fails to state a claim upon which relief can be granted; and, therefore, dismiss this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Solesbee alleges that on March 2, 2006, he was transported from the New River Valley Regional Jail ("Jail") by Correctional Officers Tate and Wright, to United States District Court in the Western District of Virginia, Abingdon Division. That evening, when he was returned to the Jail, he was initially taken to the Jail's booking area and was directed by Correctional Offier Tate to sit next to several other inmates awaiting processing. Meanwhile, also in the booking area, Sgt. Bently was processing an inmate and Correctional Officer Atkins was searching another.

Although Solesbee remained in restraints, at least one of the other inmates in the booking area, Douglas Pope, was not restrained. While awaiting processing, Solesbee admits that he and Inmate Pope exchanged "words." Following the exchange, Inmate Pope rose from his seat and

struck Solesbee in his neck and slapped his jaw. Pope then began assaulting another inmate; however immediately thereafter correctional officers intervened and separated the inmates. Solesbee claims that as a result of this incident his neck swelled and bruised and his gums bled.

## II.

By order entered March 29, 2006, plaintiff was advised that his complaint failed to state a claim under §1983 against anyone. Plaintiff was directed to amend his complaint to name individuals as defendants, alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights, and to particularize the facts of his claim. Plaintiff has now submitted additional information which the court will construe as a motion to amend and an amended complaint naming Correctional Officer Wright and Correctional Officer Tate. For good cause shown, plaintiff's motion to amend is hereby granted and his complaint shall be amended to name as defendants Correctional Officer Wright and Correctional Officer Tate.

## III.

As a threshold matter, the New River Valley Regional Jail is not a "person" and therefore, is not proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Accordingly, all claims against the Jail are hereby dismissed.

## IV.

Generally, prison officials have a duty to protect prisoners from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every incident of violence subjects prison officials to liability under the Eighth Amendment. Id. at 834. Rather, the inmate must show that prison officials were deliberately indifferent to a substantial risk of

2

serious harm; mere negligence as to his safety is insufficient. Id. at 838; Estelle v. v. Gamble, 492 U.S. 97, 104 (1976).

Solesbee alleges only that he was placed, while in restraints, in the open booking area with an inmate who was not in restraints. He further claims that thereafter, he and the other inmates were left essentially unsupervised, thus facilitating the assault by Inmate Pope. However, he admits that during this time that at least two correctional officers were in the booking area processing other inmates. Moreover, Solesbee does not allege that he had a pre-existing disagreement with Inmate Pope nor has he provided any evidence which suggests that prison officials knew that Inmate Pope posed any significant threat to plaintiff, that Inmate Pope had an established pattern of violence or aggression, nor that prison officials were aware of any propensity for violence. In fact, Solesbee admits that the altercation occurred only after he and Pope had exchanged "words" while awaiting processing. Accordingly, I find that at most defendants were negligent as to Solesbee's safety while he awaited processing, which is not actionable under the Eighth Amendment.

V.

Based on the foregoing, I find that Solesbee has not presented any claims on which relief can be granted and I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and

accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 5th day of May, 2006.

                                                /s/ Jackson L. Kiser
                                                Senior United States District Judge